09-3374-ag
Sorongan v. Holder

BIA
Elstein, IJ
A098 648 600
A098 648 601
A098 648 602
A098 648 603
A098 648 604

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        PETER W. HALL,
            *Circuit Judges.*
_____

ERNA FLORENCIE SORONGAN, I KETUT BAGIANTA, I WAYAN CENNA WIDHIANTARA, NI MADE CHERYL WIDYANETTA, I NYOMAN CERRENS WIDHIANTA,
        *Petitioners,*

        v.                                09-3374-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Indonesia, seek review of a July 10, 2009, order of the BIA, affirming the July 27, 2007, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sorongan*, Nos. A098 648 600/601/602/603/604 (B.I.A. July 10, 2009), *aff'g* Nos. A098 648 600/601/602/603/604 (Immig. Ct. N.Y. City July 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations omitted). The applicable standards of review are well-established. *Salimatou Bah v.*

*Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

The agency did not err in finding that the harm the lead petitioner, Erna Florencie Sorongan, claimed to have suffered, while unfortunate and offensive, did not rise the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Contrary to Petitioners' contention, the agency's analysis did not run afoul of our decision in *Manzur*, because the agency did not analyze a pattern of harms by isolating each incident and disposing of it on separate grounds. *See Manzur*, 494 F.3d at 290. Rather, because the agency expressly stated that it considered the claims in the aggregate, and nothing in its decisions suggests that it did not actually do so, the agency did not err in finding that Petitioners did not establish past persecution. *See id.; Ivanishvili*, 433 F.3d at 341. Moreover, although the agency did not expressly list every incident of harm in Petitioners' application for relief, because it referenced the most important incidents and indicated that it had considered her entire claim, its analysis was not flawed. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the agency need

3

not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (internal quotation marks and citations omitted).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk